THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL MONTEMURO,

  Plaintiff,

  v.

JIM THORPE AREA SCHOOL
DISTRICT, et al.,

  Defendants.

: CIVIL ACTION NO. 3:20-CV-208
: (JUDGE MARIANI)
: (Magistrate Judge Carlson)

## ORDER

**AND NOW, THIS 12th DAY OF APRIL 2022**, upon consideration of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 23), Defendants' objections thereto (Doc. 24), Plaintiff's response (Doc. 26), Defendants' reply (Doc. 29), and all other relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Carlson's R&R (Doc. 23) is **ADOPTED** for the reasons set forth therein as supplemented by this Order.

2. Defendants' objections to the R&R (Doc. 24) are **OVERRULED**.

   a. Defendants first object to Magistrate Judge Carlson's conclusion that Plaintiff has sufficiently stated a Fourteenth Amendment procedural due process claim. (Docs. 24 at 1-2, 24-1 at 2-5.)  Defendants do not directly take issue with Magistrate Judge Carlson's conclusion that Plaintiff had a property interest in his position based on the School Code provision "that the President shall serve a one-year term upon his election" (Doc. 23 at 15 (citing 24 P.S. § 4-404) and the School District's similar policy provision (*id.* (citing Doc. 1-2 Ex. A, at 18)).

Rather, they claim that "Pennsylvania courts have consistently held that the language of Section 514 does not apply to 'appointed officers' within the meaning of the Pennsylvania Constitution, and therefore school board officers are subject to removal without notice or hearing." (Doc. 24-1 at 2 (listing cases).) Defendants' primary reliance is on *Buell v. Union Twp. School District*, 150 A.2d 852 (Pa. 1959), where the Pennsylvania Supreme Court held that, pursuant to Article VI, Section 4 of the Pennsylvania Constitution which provided that "'Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed,'" *id.* at 854, the secretary and treasurer of the school board could be removed at the pleasure and discretion of the board of school directors. "Article VI, Section 4 of the Pennsylvania Constitution [is] the materially-identical predecessor of Article VI, Section 7," *Burger v. Sch. Bd. of McGuffey Sch. Dist.*, 923 A.2d 1155, 1163 (Pa. 2007), which is the section relevant to this matter. Article VI, Section 7 addresses the "Removal of civil officers" and provides as follows:

> All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed. All civil officers elected by the people, except the Governor, the Lieutenant Governor, members of the General Assembly and judges of the courts of record, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on

2

the address of two-thirds of the Senate.

Pa. Const. art. VI, § 7.  *Buell* also stated that, to the extent Article V, Section 514 of the School Code conflicted with the constitutional provision, Section 514 was invalid.  150 A.2d at 855.  *Burger* did not elaborate on this statement, and, therefore, did not articulate any specific conflict.  Section 514 addresses the removal of a school board's "officers, employes, etc." and states in pertinent part:

> The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

24 P.S. § 5-514.  Defendants' reliance on *Buell* and the other cited cases is misplaced in that the allegedly supportive decisions all predated *Burger v. Sch. Bd. of McGuffey Sch. Dist.*, 923 A.2d 1155, 1163 (Pa. 2007), wherein the Supreme Court of Pennsylvania analyzed Article VI, Section 7 in detail and concluded that the power of removal under the provision was limited:

> We . . . hold that, as a matter of plain meaning, the Constitution does not vest in the appointing power unfettered discretion to remove. Instead, valid removal depends upon the officer behaving in a manner not befitting the trust placed in him by the appointing authority.

*Burger*, 923 A.2d at 1162.  *Burger* further held that the General Assembly could place limiting restrictions on the appointing power's authority "so long as the

3

statutory limitations concern matters bearing on the officers' behaving themselves well while in office'" and that the School Code's provision addressing removal of a superintendent, 24 P.S. § 10-1080, passed constitutional muster.[1] *Id.* at 1163 (quoting Pa. Const. art. VI, § 7). Because Sections 5-514 and 10-1080 are similar, the Court concludes that § 514 would also be determined to pass constitutional muster. Though *Buell* and *Burger* did not address a Fourteenth Amendment procedural due process claim, the foregoing discussion illustrates the propriety of Magistrate Judge Carlson's conclusion that Plaintiff had a property interest in his position as school board president and was, therefore, entitled to procedural due process protections related to his removal.[2] (*See* Doc. 23 at 14-16.) Therefore, this objection is OVERRULED.

---

[1] Section 10-1080 addresses removal of a school district superintendent and states in pertinent part:

> District superintendents and assistant district superintendents may be removed from office and have their contracts terminated, after hearing, by a majority vote of the board of school directors of the district, for neglect of duty, incompetency, intemperance, or immorality, of which hearing notice of at least one week has been sent by mail to the accused, as well as to each member of the board of school directors.

24 Pa. Stat. Ann. § 10-1080.

[2] The conclusion is bolstered by this Court's decision in *Linskey v. Guariglia*, Civ. A. No. 3:11-CV-2059, 2012 WL 1268913 (M.D. Pa. 2012) (Caputo, J.), where the Court found that the plaintiff, a member of the Pittston Area School District's school board, had stated a claim for a Fourteenth Amendment procedural due process violation when the School Board removed him from his position as the District's representative to the Luzerne Intermediate Unit to which he had been appointed to fill a three-year term.

Though Defendants attempt to discredit *Burger*'s interpretation of Article VI, Section 7, and refer to it as "dicta" (Doc. 29 at 4 n.2), their reliance on Justice Eakin's dissent does not undermine the majority "holding" discussed in the text. While there may be disagreement as to the propriety of the majority interpretation, Defendants' argument that this Court should find that *Buell* precludes Plaintiff's due process

4

    b. Defendants' objection regarding Magistrate Judge Carlson's determination that they are not entitled to qualified immunity also relies on *Buell* and related cases to support their position. (Doc. 24-1 at 6-8.) Based on the foregoing discussion and the fact that the cited cases (with dates of decision ranging from 1926 to 1971) all predate *Burger*, Defendant presents no basis to find error in Magistrate Judge Carlson's determination that they had not shown entitlement to qualified immunity. Therefore, this objection is OVERRULED.

3. Defendants' Motion to Dismiss for Mootness (Doc. 19) is **GRANTED in part** and **DENIED in part**: the Motion is **GRANTED** as to Plaintiff's claims for mandamus relief and improper state ouster which are **DISMISSED**, and the Motion is **DENIED** in all other respects.

4. Defendants' Motion to Dismiss Complaint (Doc. 4) is **GRANTED in part** and **DENIED in part**: the Motion is **GRANTED** as to Plaintiff's claim for politically motivated removal which is **DISMISSED**, and the Motion is **DENIED** as to due process and declaratory judgment claims.[3]

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge

---

claim cannot be based on disagreement with the Pennsylvania Supreme Court's holding interpreting a provision of the Pennsylvania Constitution.

[3] Plaintiff has not requested leave to amend.

5