# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL MONTEMURO, | : |
| Plaintiff, | : Civil Action No. 3:20-cv-208 |
| | : (The Hon. Robert D. Mariani) |
| v. | : |
| JIM THORPE AREA SCHOOL DISTRICT, GLENN CONFER, DENNIS MCGINLEY, RANIERO MARCIANTE, PEARL DOWNS-SHECKLER, and GERALD STRUBINGER, | : |
| Defendants. | : |

## DEFENDANTS' ANSWER
## AND AFFIRMATIVE DEFENSES TO COMPLAINT

AND NOW, COME THE Defendants, Jim Thorpe Area School District (the "District"), Glenn Confer, Dennis McGinley, Raniero Marciante, Pearl Downs-Sheckler, and Gerald Strubinger, by and through their undersigned counsel, who file this Answer and Affirmative Defenses to the Complaint and who, in support thereof, state the following:

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part, and denied in part. The Defendants admit that Raniero Marciante is an adult individual and that he was previously a member of the District's Board of School Trustees (the "School Board"). The Defendants deny that Mr. Marciante is currently a School Board member. His position has since been filled by Mr. Richard Flacco.

7. Admitted.

8. Admitted.

9. Admitted. By way of further explanation, Mr. Pompa, Ms. Lesisko-Henning, and Mr. Garritano remain on the School Board currently.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied as stated. The Defendants deny that "certain members of the School Board chose a new president." By way of further explanation, on December 11, 2019, a motion was made, seconded, and approved by a 5-4 vote, to remove Montemuro as board president and to install Gerald Strubinger as board president.

15. Admitted.

16. Admitted.

17. Denied. The Defendants deny that there was no vote to remove Mr. Montemuro as president. By way of further explanation, minutes of the December 11, 2019 meeting show that the applicable motion was "to remove Mr. Paul Montemuro as Board President and nominate Mr. Gerry Strubinger to Board President."

18. Admitted in part, and denied in part. The Defendants admit only that the Complaint correctly quotes from 24 P.S. § 4-404. The remaining averments of this paragraph constitute conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

18.[1] Admitted in part, and denied in part. The Defendants admit only that the Complaint correctly quotes from Board Policy 005. Any characterization of the policy constitutes conclusions of law or argument to which no response is required. To the extent such averments are deemed factual, they are denied.

19. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent they are deemed factual, they are denied.

20. Admitted. The Defendants admit only that Board Policy 005 was in effect on December 4, 2019.

---

[1] The Complaint includes two paragraphs numbered as 18. This Answer responds accordingly.

21. Admitted.

22. Admitted in part, and denied in part. The Defendants admit only that the Complaint correctly quotes from Article VI, Section 7 of the Pennsylvania Constitution. Any characterization of Section 7 constitutes conclusions of law or argument to which no response is required. To the extent such averments are deemed factual, they are denied.

23. Admitted in part, and denied in part. The Defendants admit that Montemuro was "elected" president by a 5-4 vote of the School Board on December 4, 2019. The Defendants deny that the vote constitutes an election "by the people" under Section 7.

24. Denied. The Defendants assert that Montemuro was appointed as board president on December 4, 2019.

25. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

26. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

27. Denied. The Defendants deny that there was no notice of intent to reorganize issued in accordance with Board Policy 005 prior to December 4, 2019.

28. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

29. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

30. Admitted.

31. Admitted.

32. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

33. Admitted in part, and denied in part. The Defendants admit only that no misconduct was cited as the reason for the vote to remove Montemuro as board president. The remaining averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied. By way of further explanation, Article VI, Section 7 provides for removal of appointed officers, such as school board presidents, "at the pleasure of the power by which they shall have been appointed."

34. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

## COUNT I
### POLITICALLY MOTIVATED REMOVAL
### PLAINTIFF v. DEFENDANTS

35. Defendants incorporate the preceding paragraphs as if they were set forth herein in their entirety.

36. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

37. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

38. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

39. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

40. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

## COUNT II
## VIOLATION OF DUE PROCESS
## PLAINTIFF v. DEFENDANTS

41. Defendants incorporate the preceding paragraphs as if they were set forth herein in their entirety.

42. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

43. Admitted in part, and denied in part. The Defendants admit only that Montemuro was not provided with notice prior to December 11, 2019, that a vote would be held on his removal as board president. The Defendants deny that Montemuro had no opportunity to "rebut" the grounds for removing him, as he had an opportunity to speak on the motion for removal after it was made at the December 11, 2019, meeting.

44. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied. By way of further explanation, the School Board had the

authority to remove Montemuro as board president under Article VI, Section 7 of the Pennsylvania Constitution.

## COUNT III
## IMPROPER STATE OUSTER
## PLAINTIFF v. DEFENDANTS

45. Defendants incorporate the preceding paragraphs as if they were set forth herein in their entirety.

46. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

47. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

48. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

## COUNT IV
## DECLARATORY JUDGMENT
## PLAINTIFF v. DEFENDANTS

49. Defendants incorporate the preceding paragraphs as if they were set forth herein in their entirety.

50. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

51. Admitted in part, and denied in part. The Defendants admit only that Montemuro was not provided with notice prior to December 11, 2019, that a vote would be held on his removal as board president. The Defendants deny that Montemuro had no opportunity to "rebut" the grounds for removing him, as he had an opportunity to speak on the motion for removal after it was made at the December 11, 2019, meeting.

52. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied. By way of further explanation, the School Board had the authority to remove Montemuro as board president under Article VI, Section 7 of the Pennsylvania Constitution.

53. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

54. Denied. The averments of this paragraph constitute conclusions of law or argument to which no response is required. To the extent they are deemed factual, they are denied.

## COUNT V
## ACTION IN MANDAMUS
## PLAINTIFF v. DEFENDANTS

55. Defendants incorporate the preceding paragraphs as if they were set forth herein in their entirety.

56. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

57. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

58. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

59. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

60. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

61. Denied. No response to the averments of this paragraph is required as this claim has been dismissed by the Court. To the extent a response is deemed required, the averments are denied.

WHEREFORE, the Defendants respectfully request that this Court grant judgment in favor of all Defendants.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. All individual Defendants are entitled to qualified immunity.

3. The Plaintiff had no property interest in his position as board president.

4. The Plaintiff has suffered no injury in this matter.

5. No unlawful act or omission caused any injury.

6. The individual defendants have no liability in their individual capacity as all of their actions relative to this matter were made in the scope of their roles as members of the District's School Board.

7. The individual Defendants did not act with reckless or callous disregard to the Plaintiff's federally protected rights.

8. Individual defendants cannot be liable to Plaintiffs because at all times they acted within the scope of their discretionary authority and did not violate any

clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling them to qualified immunity from suit and damages.

9. Individual defendants cannot be liable to Plaintiffs because at all times they acted within the scope of their discretionary authority and with a reasonable, good faith belief that their actions were lawful and proper, thereby entitling them to qualified immunity from suit and damages.

10. There is no cause of action for damages under the Pennsylvania Constitution.

11. There is no Pennsylvania statute that permits a general right to sue for a Constitutional violation.

WHEREFORE, the Defendants respectfully request that this Court grant judgment in favor of all Defendants.

Date:  April 27, 2022               */s/ David W. Brown*
                                    Michael I. Levin (PA 21232)
                                    David W. Brown (PA 201553)
                                    LEVIN LEGAL GROUP, P.C.
                                    1800 Byberry Road, Suite 1301
                                    Huntingdon Valley, PA 19006
                                    (215) 938-6378
                                    mlevin@levinlegalgroup.com
                                    dbrown@levinlegalgroup.com

                                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2022, I electronically transmitted the foregoing Defendants' Answer and Affirmative Defenses to the Complaint to be filed to the Clerk's Office using the Court's Electronic Case Filing system ("ECF") for filing and transmittal of a Notice of Electronic Case Filing to all counsel via the ECF, in accordance with Fed. R. Civ. P. 5(b) and M.D. Pa. L.R. 5.7.

                                                */s/ David W. Brown*
                                                David W. Brown