THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL MONTEMURO,                             :
                                            : CIVIL ACTION NO. 3:20-CV-208
          Plaintiff,                        : (JUDGE MARIANI)
                                            : (Magistrate Judge Carlson)
          v.                                :
                                            :
JIM THORPE AREA SCHOOL                      :
DISTRICT, et al.,                           :
                                            :
          Defendants.                       :

## MEMORANDUM OPINION

### I. INTRODUCTION

Defendants' Motion for Certification and Stay (Doc. 34) is pending before the Court.

With their Motion, Defendants request that the Court certify the April 13, 2022, Order (Doc.

30) granting their motions to dismiss in part and denying them in part.  (Doc. 34-1 at 2.)  The

Court concluded in the April 13, 2022, Order, that Plaintiff had adequately pled a Fourteenth

Amendment procedural due process claim concerning his removal as president of the Jim

Thorpe Area School District without a hearing and Defendants were not entitled to qualified

immunity.  (Doc. 30 at 4, 5.)  Defendants filed an appeal in the Court of Appeals for the

Third Circuit seeking review of the Court's qualified immunity determination.  (*See* Docs. 32,

33; USCA Case Number 22-1866 Doc. 1.[1])

---

[1] On May 5, 2022, the Circuit Court issued as Order regarding Defendants' pending appeal stating that "[t]he order on appeal may not be final within the meaning of 28 U.S.C. § 1291 and may not be otherwise reviewable at this time.  *Compare Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), *with Johnson v. Jones*, 515 U.S. 304, 319-20 (1995)."  (Doc. 3 USCA No. 22-1866.)  The Court ordered briefing on the issue, *id.*, and no decision has been rendered as of the date of this Memorandum Opinion.

The foundation of this Court's April 13, 2022, determination regarding procedural due process was the Supreme Court of Pennsylvania's decision in *Burger v. Sch. Bd. of McGuffey Sch. Distr.*, 923 A.2d 1155 (Pa. 2007), wherein the Supreme Court analyzed Article VI, Section 7 in detail and held "'as a matter of plain meaning, the Constitution does not vest in the appointing power unfettered discretion to remove. Instead, valid removal depends upon the officer behaving in a manner not befitting the trust placed in him by the appointing authority.'"  (Doc. 30 at 3 (quoting *Burger*, 923 A.2d at 1162).)

Defendants now specifically seek certification of the following question for interlocutory appeal: "Whether Article VI, Section 7 of the Pennsylvania Constitution permits appointed civil officers to be removed at the pleasure of the power by which they shall have been appointed?"  (Doc. 34-3 ¶ 2.)  The basis for Defendants' request is their assertion that a conflict exists in Pennsylvania regarding the removal of a civil officer such as a school board president.  (*See, e.g.*, Doc. 35 at 1-2.)

Defendants also ask the Court to stay proceedings in this Court pending: "a) denial of permission to appeal or decision on appeal by the United States Court of Appeals for the Third Court on the certified question above; and b) a ruling by the Third Circuit on the Defendants' pending appeal concerning qualified immunity."  (Doc. 34-3 ¶ 2.)

For the reasons discussed below, the Court will grant Defendants' Motion in part and deny it in part.  The Motion will be granted insofar as proceedings in this Court will be stayed pending the Third Circuit's decision on the qualified immunity issue now before it.

The Motion will be denied as to the request for certification of interlocutory appeal regarding Article VI, Section 7 of the Pennsylvania Constitution.

## II. STANDARD FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

In most cases, only "final decisions" of district courts are appealable to the courts of appeals. *See* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). An interlocutory order by a district court is not such a "final decision." *See Tara M. by Kanter v. City of Phila.*, 145 F.3d 625, 627 (3d Cir. 1998).

However, under 28 U.S.C. § 1292(b), interlocutory orders can be appealable if certified by the district court and subsequently accepted by the court of appeals for consideration. 28 U.S.C. § 1292(b). "Section 1292(b) was the result of dissatisfaction with the prolongation of litigation and with harm to litigants uncorrectable on appeal from a final judgment which sometimes resulted from strict application of the federal final judgment rule." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753 (3d Cir. 1974). The purpose of Section 1292(b) is to avoid "a wasted protracted trial if it could early be determined that there might be no liability," such as "cases in which a long trial results from a pretrial order erroneously overruling a defense going to the right to maintain the action." *Id.* at 754 (citing legislative history of Section 1292(b)). "Congress intended that [S]ection 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to

a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958).

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  Thus, "[f]or a district court to properly grant a certificate of appealability under § 1292(b), its order must: (1) involve a 'controlling question of law,' (2) offer 'substantial grounds for difference of opinion' as to its correctness, and (3) if immediately appealed, 'materially advance the ultimate termination of the litigation.'" *G.L. v. Ligonier Valley Sch. Dist. Auth.*, Civ. A. No. 2:13-CV-00034, 2013 WL 6858963, at *6 (W.D. Pa. Dec. 30, 2013) (quoting *Katz*, 496 F.2d at 754), *aff'd and remanded*, 802 F.3d 601 (3d Cir. 2015).

Courts in the Third Circuit have further defined the three elements of the Section 1292(b) test.  First, "[a] controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "'Controlling' means serious to the conduct of the litigation in a practical or legal

sense." *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015).

Next, "[a] 'substantial ground for difference of opinion' must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation." *Karlo v. Pittsburgh Glass Works, LLC*, Civ. A. No. 2:10-CV-1283, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014) (citing *Glover v. Udren*, Civ. A. No. 08-990, 2013 WL 3072377, at *3 (W.D. Pa. June 18, 2013)).  Questions of first impression can present substantial grounds for difference of opinion. *Nationwide Life Ins. Co. v. Commonw. Land Title Ins. Co.*, Civ. A. No. 05-281, 2011 WL 1044864, at *3 (E.D. Pa. Mar. 23, 2011) ("The sheer absence of any persuasive, let alone controlling, law on this issue is sufficient on its own to provide substantial grounds for difference of opinion."); *see also Wyndham*, 10 F. Supp. 3d at 634-35 (certifying for appeal an issue of first impression regarding the application of the FTC Act to a data security breach and noting that the "novelty" of the liability issues means that "reasonable jurists may differ over the court's resolution" of the issues).  However, "[a] party's strong disagreement with the Court's ruling does not constitute a 'substantial ground for difference of opinion[,] ... [n]or does a dispute over the application of settled law to a particular set of facts." *Karlo*, 2014 WL 12539666, at *1 (citations omitted).

"Finally, a § 1292(b) certification 'materially advances the ultimate termination of the litigation' where the interlocutory appeal eliminates: '(1) the need for trial; (2) complex issues

that would complicate the trial; or (3) issues that would make discovery more costly or burdensome.'"  *Karlo*, 2014 WL 12539666, at *1 (quoting *Litgo N.J., Inc. v. Martin*, Civ. A. No. 06-2891 (AET), 2011 WL 1134676, at *3 (D.N.J. Mar. 25, 2011)).

In addition to the three elements of the Section 1292(b) test, another factor for district courts meriting consideration is whether the issues in the action are of "nationwide significance." *Wyndham*, 10 F. Supp. 3d at 636 (considering, in a consumer protection enforcement action brought by the FTC, "the nationwide significance of the issues in this action—which indisputably affect customers and businesses in a climate where we collectively struggle to maintain privacy while enjoying the benefits of the digital age"); *Nationwide*, 2011 WL 1044864, at *4 ("Moreover, the Third Circuit's determination of this issue could potentially have a widespread impact on the underwriting and application of land title insurance policies in the United States.").

### III. ANALYSIS

The parties agree that the interpretation of Article VI, Section 7, is a controlling question of law.  (Doc. 35 at 11; Doc. 36 at 6.)  They disagree as to whether the issue presents substantial grounds for difference of opinion.  (Doc. 35 at 12; Doc. 36 at 7.)  On this issue, the Court agrees with Plaintiff that Defendants' asserted conflict does not present substantial grounds for a difference opinion.

Defendants' asserted conflict regarding the interpretation of Article VI, Section 7 of the Pennsylvania Constitution contrasts two decisions of the Pennsylvania Supreme Court:

*Burger v. Sch. Bd. of McGuffey Sch. Dist.*, 923 A.2d 1155, 1163 (Pa. 2007), and *Buell v. Union Twp. Sch. Dist.*, 150 A.2d 852 (Pa. 1959).  (Doc. 35 at 9-12.)  As discussed in the Court's April 13, 2022, Order, this Court is obligated to follow *Burger*

> wherein the Supreme Court of Pennsylvania analyzed Article VI, Section 7 in detail and concluded that the power of removal under the provision was limited:
>
> > We . . . hold that, as a matter of plain meaning, the Constitution does not vest in the appointing power unfettered discretion to remove. Instead, valid removal depends upon the officer behaving in a manner not befitting the trust placed in him by the appointing authority.

 (Doc. 30 at 3 (quoting *Burger*, 923 A.2d at 1162) (emphasis added).)

Defendants' disagreement with the *Burger* majority and reliance on the dissent (Doc. 35 at 10-12; Doc. 37 at 4-6), points to a difference of opinion among the Pennsylvania Supreme Court justices who participated in the decision.  However, the Court concludes that the difference of opinion among justices in *Burger* is not one which creates "substantial grounds for difference of opinion," *Katz*, 496 F.2d at 754, for purposes of interlocutory appeal when this Court relied upon the *Burger* majority's clearly articulated holding.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion for certification. However, the Court will grant their request for a stay of these proceedings pending a ruling by the Court of Appeals for the Third Circuit on Defendants' pending request for review of

this Court's determination on qualified immunity.  A separate Order will enter.

Robert D. Mariani
United States District Judge