IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL MONTEMURO,                          :        No. 3:20cv208
         Plaintiff                       :
                                        :        (Judge Munley)
     v.                                :
                                        :
JIM THORPE AREA SCHOOL                   :
DISTRICT; GLENN CONFER,                  :
individually and as school board         :
member; DENNIS McGINLEY,                 :
individually and as school board         :
member; RANIERIO MARCIANTE,              :
individually and as school board         :
member; PEARL DOWNS-                     :
SHECKLER, individually and as            :
school board member; and                 :
GERALD STRUBINGER, individually          :
and as school board member,              :
         Defendants                      :

## MEMORANDUM

"[E]ducation is perhaps the most important function of state and local governments." Brown v. Bd. of Ed. of Topeka, Shawnee Cnty., Kan., 347 U.S. 483, 493 (1954).  The school boards entrusted with this mission have "important, delicate, and highly discretionary functions, but none that they may not perform within the limits of the Bill of Rights." W. Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 637 (1943).  "Such Boards are numerous and their territorial jurisdiction often small. But small and local authority may feel less sense of

responsibility to the Constitution, and agencies of publicity may be less vigilent in calling it to account." Id.

Through this action, Plaintiff Paul Montemuro calls fellow members of the Jim Thorpe Area School Board to account. One week, the Board elected him President. The next week, without notice or hearing, it voted to remove and replace him. Montemuro asserts that defendants' conduct violated his Fourteenth Amendment right to due process of law.

In almost every other case, trial courts do not get a preview of how an appellate court will decide an issue when presented with certain facts. This case is different. The Third Circuit Court of Appeals has already essentially determined that defendants' conduct violated the United States and Pennsylvania Constitutions and the laws of the Commonwealth. Montemuro v. Jim Thorpe Area Sch. Dist., 99 F.4th 639 (3d Cir. 2024). Specifically, in reviewing the individual defendants' assertion of qualified immunity on a motion to dismiss, the Third Circuit determined that Montemuro's complaint adequately alleged a violation of his right to procedural due process. Id. at 643–45. Additionally, the Third Circuit recognized this right as clearly established. Id. at 645.

Following affirmance, this case now returns for consideration of the parties' cross-filed motions for summary judgment. Montemuro's motion asserts that

there are no material factual issues regarding defendants' liability. Defendants' summary judgment motion takes the exact opposite position. In furthering the motion, defendants seek to fill gaps in their previous arguments against the due process claim — legal arguments the Third Circuit deemed forfeited in the footnotes of their precedential opinion. See 99 F. 4th at 644, nn. 3–4. Defendants also use their briefs to challenge, at length, aspects of the Third Circuit's previous decision.[1]

After reviewing the summary judgment record, Montemuro is correct. The material allegations of plaintiff's complaint have been confirmed in discovery and are now undisputed facts. And, although related to qualified immunity, the prior determinations by the Third Circuit are dispositive when it comes to consideration of Montemuro's claims at this posture. Thus, as discussed in further detail below, defendants' motion for summary judgment will be denied and plaintiff's motion for partial summary judgment will be granted.

**Background**

All material facts are undisputed.[2] Voters in several Carbon County municipalities elected Montemuro to a four-year term on the Jim Thorpe Area

---

[1] At the same time, defendants suggest that this litigation is trivial. (Doc. 59, Br. in Opp. Pl. MSJ at 1, n.1.).

[2] Unless otherwise noted, the factual background derives from the parties' statements of material facts (hereinafter "Pl. SOF" and "Def. SOF") filed pursuant to the Rules of Court for the Middle District of Pennsylvania. (Docs. 54, 56-2). To the extent the parties' statements are

School Board in November 2019. (Doc. 54, Def. SOF ¶ 3).  On December 4, 2019, the Board swore in five new members on the nine-member board, including the plaintiff, and held its annual reorganization meeting. (Doc. 54, Def. SOF ¶ 6).  Board members Cindy Lesisko-Henning and Scott Pompa nominated and seconded Montemuro for the position of President.  Id. ¶ 7.  The vote was 5-4 in favor.  Id. ¶ 8.  Montemuro, Lesisko-Henning, Pompa, Thomas Garritano, and Defendant Gerald Strubinger voted for the plaintiff.  Id.  Defendants Confer, McGinley, Marciante, and Downs-Sheckler opposed.  Id.

The Pennsylvania School Code provides that, with respect to school districts like Jim Thorpe Area, "the school directors shall effect a permanent organization by electing, during the first week of December, from their members, a president and vice-president, each to serve for one year[.]" 24 PA. STAT. § 4-404.  Consequently, it is undisputed that the term of Board President is one year. (Doc. 56-2, Pl. SOF ¶ 5).

Montemuro's term lasted seven days.  Id. ¶¶ 7, 11.  At the December 11, 2019 regular meeting, the Board voted to remove the plaintiff as President and replace him with Defendant Strubinger.  Id. ¶ 10.  Strubinger voted for himself.  Id.

---

undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts. Otherwise, the court cites to the evidence in the summary judgment record.  The court reviews the evidence in the light most favorable to the non-moving party with respect to each motion for summary judgment.  See Lawrence v. City of Philadelphia, Pa., 527 F.3d 299, 310 (3d Cir. 2008) (explaining that the summary judgment standard is no different when there are cross-motions for summary judgment).

The other individual defendants, who had opposed Montemuro's presidency, voted for Strubinger. Id.

The School Code further provides:

> The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

24 PA. STAT. § 5-514.

In issuing a Report and Recommendation ("R&R") earlier in this case on defendants' motion to dismiss, Magistrate Judge Martin C. Carlson described the reasons for Montemuro's "sudden fall from grace" as "murky." 2021 WL 12260766, at *1 (M.D. Pa. Mar. 15, 2021), report and recommendation adopted, No. 3:20-CV-208, 2022 WL 22726052 (M.D. Pa. Apr. 13, 2022) (Mariani, J.).[3]

That murkiness has cleared.  From the summary judgment record, it appears that Montemuro's appointment as President splintered the Board into "continuing members" and "new members" with some possible personal or political animus sprinkled in the cracks.[4]  The act of not appointing any

---

[3] This case was transferred to the undersigned from the Honorable Robert D. Mariani on November 7, 2023 while defendants' appeal was pending.

[4] Meeting minutes indicate that a "new member," Scott Pompa, was elected to serve as Board Vice President on December 4, 2019. (Doc. 56-2, Pl. Ex. F., 12/4/2019, corrected 01/27/2020,

"continuing members" as committee chairpersons apparently did the plaintiff in.[5]

(Doc. 61, Def. RSOF ¶ 14). That is, Montemuro was not removed because of

illegal activity, violating Board policy, bad behavior, or for "behaving in a way not

befitting of the trust placed in him." Id. ¶¶ 22–25.

Following disposition of defendants' prior motions to dismiss and

affirmance on the qualified immunity determination, two claims remain from

Montemuro's complaint, as initially filed in the Carbon County Court of Common

Pleas. Count 2 of Montemuro's complaint asserts a violation of his Fourteenth

Amendment right to procedural due process by the defendants through 42 U.S.C.

§ 1983. (Doc. 1-2, Compl. ¶¶ 41–44). Count 4 seeks a declaratory judgment

that defendants' conduct violated Board Policy, the Pennsylvania School Code,

---

ECF p. 102). The "continuing members" did not vote to remove and replace Pompa as Vice President on December 11, 2019.

[5] Defendant McGinley testified that Montemuro "came across as a dictator" and the situation was akin to taking a person off the street and making him "a four-star admiral." (Doc. 54-2, Def. Ex. 2, P. McGinley Dep. 36:16–37:8). Defendant Confer "didn't like the way [Montemuro] did things." (Doc. 56-2, Pl. Ex. C., G. Confer Dep. 24:4-14). Defendant Downs-Scheckler described the December 4, 2019 reorganization as "not a very nice meeting" and testified that "there was no regard to the experienced people that sat." (Doc. 56-2, Pl. Ex. D., P. Downs-Scheckler Dep. 26:16-19, 27:2-9). Defendant Marciante described Montemuro as inexperienced, aggressive, and controlling. (Doc. 56-2, Pl. Ex. E., R. Marciante Dep. 31:20–32:1). According to the vote-switcher, Defendant Strubinger, one meeting was apparently enough. As Strubinger testified, Montemuro "didn't really understand what it meant to be president of the board…because he just rambled on about things that he was going to do." (Doc. 56-2, Pl. Ex. B, G. Strubinger Dep. 29:6-16). For his part, plaintiff testified that he ran for School Board to ensure that other members did not vote to give pay raises to their family members who were school employees. (Doc. 56-2, Pl. Ex. A., Pl. Dep. 55:17–56:10).

6

and Article VI, Section 7 of the Pennsylvania Constitution.[6]  Defendants' motion seeks judgment as a matter of law on both counts.  Montemuro's motion seeks partial summary judgment on liability aspects of his claims.

Earlier in this litigation, courts assumed the truth of Montemuro's allegations that defendants removed him as President without notice and a hearing.  99 F.4th at 641.  These are now undisputed facts.[7]  (Doc. 56-2, Pl. SOF ¶¶ 16–18; Doc. 61, Def. RSOF ¶¶ 12–16).  To reiterate, it is now undisputed that the Jim Thorpe Area School Board removed Montemuro as Board President without notice and a hearing.

**Standard of Review**

Summary judgment is proper when there is no genuine issue of material fact in the case, and the moving party is entitled to judgment as a matter of law. Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010) (citation omitted); see also FED. R. CIV. P. 56(a).  "A fact is material if its resolution 'might affect the outcome of the suit under the governing law,'…[a]nd a dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "

---

[6] The court has jurisdiction under 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States.  The court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a).

[7] Defendants take the position that an opportunity for plaintiff to make comment during the December 11, 2019 meeting was sufficient process. (Doc. 61 Def. RSOF ¶¶ 13, 15).

7

Mall Chevrolet, Inc. v. Gen. Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

This matter comes before the court on cross-filed summary judgment motions. "When both parties move for summary judgment, the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 402 (3d Cir. 2016) (cleaned up). The Rule 56 standard does not change in the context of cross-filed motions. See id. (quoting Appelmans v. City of Philadelphia, 826 F.2d 214, 216 (3d Cir. 1987)); see also Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968) (holding that despite the "inherently contradictory claims" presented by parties each arguing they are entitled to summary judgment, if any genuine issues of material fact exist, they "must be disposed of by a plenary trial and not on summary judgment.").

**Analysis**

### 1. Defendants' Motion for Summary Judgment

The court begins with defendants' motion for summary judgment, which is largely an effort to relitigate previously forfeited legal arguments before the Third Circuit. Based on the precedential opinion issued earlier in this case, there is a

threshold issue as to what the court can decide and what the court is unable to decide at this juncture.

### a. The Prior Ruling

The Third Circuit Court of Appeals previously determined that the individual defendants do not enjoy qualified immunity. 99 F.4th at 642.  In doing so, the panel determined whether Montemuro alleged the violation of any constitutional or statutory rights and whether those rights "were clearly established at the time of the challenged conduct, such that a reasonable official would have known that the conduct violated the plaintiff's rights." Id. (citing Anglemeyer v. Ammons, 92 F.4th 184, 188 (3d Cir. 2024)).

As to the first prong of the qualified immunity test, violation of a constitutional right, the Third Circuit looked to state law and determined that Montemuro had a property interest in "his job as School Board President" which was protected by the Fourteenth Amendment. Id.  This was a critical legal determination.

As to the second prong of the qualified immunity test, violation of a clearly established right, the appellate court also had to reach important legal conclusions.  For the purposes of evaluating qualified immunity, the particular right at issue cannot be defined in the abstract. Urda v. Sokso, 146 F.4th 311, 315 (3d Cir. 2025) (collecting United States Supreme Court cases).  That is:

9

> For a right to be clearly established, the contours of that right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. Existing case law, in other words, must give the official fair warning that his conduct is unconstitutional. Typically, analogous precedent from the Supreme Court or this Court or a consensus of persuasive authority in the Courts of Appeals is required. Yet broad principles of law suffice to give fair warning when an official commits a patently obvious constitutional violation.

Stringer v. Cnty. of Bucks, 141 F.4th 76, 85 (3d Cir. 2025) (cleaned up).

Regarding the contours of any state-granted right, state law interpreted by the highest court in that state provides officials with fair warning. Id. at 645 (citing Thompson v. Delaware Dep't of Servs. for Child., Youth & Their Fams., 44 F.4th 188, 194 (3d Cir. 2022)) (additional citations omitted). According to the Third Circuit, "Pennsylvania law clearly establishes that Montemuro had a property interest in his job as the Board President[.]" 99 F.4th at 641.

In so determining, the appellate court did not find one single clearly established proposition in this case, but three: 1) "Supreme Court and Third Circuit precedent clearly establish that a public employee has a property interest in his job if he can only be terminated for cause." Id. (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)); 2) "Pennsylvania law clearly establishes that school board presidents can be fired only for cause." Id. at 645–46 (citing Pa. Const. art. VI, § 7; 24 PA. STAT. § 5-514; Burger v. Sch. Bd. of McGuffey Sch. Dist., 923 A.2d 1155, 1157, 1163 (2007)); and 3) "it is clearly

10

established that employees with a statutory right in their employment cannot be fired without notice and a hearing." Id. at 646 (citing Loudermill, 470 U.S. at 542)).  These determinations loom over the cross-filed motions for summary judgment.

Additionally, in the prior decision, the Third Circuit determined that two defense arguments were determined to be forfeited: 1) an argument that a school board president is unpaid and has little power; and 2) an argument that elected public officials do not have a protectible property interest in their jobs.  See id. at 644, nn. 3–4.  Here, defendants are particularly interested in raising and pursuing an argument that there is no Fourteenth Amendment property right to public office under Supreme Court precedent and that such precedent applies to Montemuro's circumstances. (Doc. 58, Br. in Supp. Def. MSJ at 5–12).  However, as addressed next, the prior precedential opinion regarding qualified immunity precludes the trial court's consideration of such arguments.

### b. Appellate Precedent is the Law of the Case

For their part, defendants agree that qualified immunity cannot be revisited at the trial court level.[8]  They acknowledge the situation in their moving papers by

---

[8] Qualified immunity could have been relitigated if the salient facts varied from Montemuro's complaint after discovery. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts."). In reaching its decision on qualified immunity during the interlocutory appeal, the Third Circuit

11

expressly indicating that they wish to preserve this issue. (Doc. 58, Br. in Supp. MSJ at 22–23).

Nonetheless, in other arguments, defendants ask the court to conclude that Montemuro's due process claim fails as a matter of law despite being previously considered by the Third Circuit, at length, as part of its two-prong qualified immunity analysis. Id. at 5–12, 22–24. Per defendants, "the Third Circuit conflated Montemuro's rights under state law with his property rights for constitutional due process analysis. [sic]" Id. at 9, n. 4. Per defendants, the undersigned can revisit the due process analysis because the appellate court disregarded seminal federal cases. Id. at 22. Per defendants, the court must grant their motion and deny plaintiff's because the Third Circuit "made a ruling on qualified immunity, not the due process claim and did so on a Rule 12(b)(6) motion to dismiss, not on summary judgment, as is the case here." (Doc. 64, Def. Reply Br. at 6–7). Per the law of the case doctrine and the fundamental hierarchy of the federal courts, defendants' position is untenable where all salient allegations in plaintiff's pleading have become the undisputed facts.

To explain further, the defendants' arguments all stem from a footnote in the Third Circuit's opinion regarding forfeited arguments:

---

specifically noted its acceptance of the allegation that Montemuro was removed from office without notice as true. 99 F.4th at 641.  That allegation is now undisputed fact.

12

> For the first time at oral argument, Defendants argued that elected public officials do not have a protectible property interest in their jobs. Leaving aside that Montemuro was not elected by the public but by his fellow Board members, the Defendants' late-breaking argument was not raised in any briefing and, consequently, is forfeited. See [Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017)] (we do not reach an appellant's theory "raised for the first time ... at oral argument").

Id. at 644, n. 4.[9]

Forfeiture of an argument is not waiver. Barna, 877 F.3d at 146 (citing United States v. Olano, 507 U.S. 725, 733 (1993)). Waived issues cannot be resurrected on appeal. Id. at 146, n.7. Forfeited issues can be reached in "truly 'exceptional circumstances' " Id. at 147 (quoting Brown v. Philip Morris Inc., 250 F.3d 789, 799 (3d Cir. 2001)). For example, an appellate court has discretionary authority to address forfeited issues where the public interest requires that the issues be heard or manifest injustice would result from the failure to consider the issues. See Kalu v. Spaulding, 113 F.4th 311, 344 n.21 (3d Cir. 2024).

Additionally, as stated in this very case:

> While we generally will only reach forfeited issues in civil cases in "exceptional circumstances," we are 'less reluctant to bar consideration' of such issues when they involve a pure question of law or the district court has relied on them in its reasoning, so that there can be no "unfair surprise" to the defendants in addressing the issue.

---

[9] To elaborate upon the Third Circuit's footnote, plaintiff was elected by the public to serve on the Jim Thorpe Area School Board. He was subsequently appointed by a majority of the Board to serve as Board President through a 5-4 vote at a reorganization meeting.

13

Montemuro, 99 F.4th at 646, n.5 (citing Barna, 877 F.3d at 146–47).

Notably, however, in making the above statement, the Third Circuit considered an argument forfeited by Montemuro, *not the defendants*. Id.  That is, the Third Circuit panel could have weighed in on the defendants' elected-public-officials argument as a pure question of law, as a matter of public interest, or to avoid a manifest injustice.  It did not do so in this case — in a precedential opinion, nonetheless.  Id. at 646–47.

Moreover, contrary to defendants' position, a forfeiture of an argument before the Third Circuit does not always mean that the argument can be revisited before the trial court, particularly in the circumstances present in this case.  That is, Magistrate Judge Carlson issued an R&R determining that Montemuro "had a protected property interest in his position as President of the Board to which he was statutorily entitled." 2021 WL 12260766, at *8.  Judge Mariani adopted the R&R with further discussion of the relevant state law considerations to illustrate "the propriety of Magistrate Judge Carlson's conclusion that Plaintiff had a property interest in his position as school board president and was, therefore, entitled to procedural due process protections related to his removal." 2022 WL 22726052 at *2.  Then, a panel of Third Circuit judges returned a mandate of affirmance, reaching the same conclusions on substantially similar grounds.

"It is axiomatic," under the mandate rule, "that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." Bankers Tr. Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir. 1985) (citations omitted). "A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion **and the circumstances it embraces**." Id. (citations omitted) (emphasis added). In this case, the appellate court issued a decisively worded opinion that Montemuro's due process rights were violated on the facts alleged. Those facts have not changed after discovery.

When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citation omitted). The Third Circuit expressly determined that Montemuro had a property interest in his position as Board President, that he could only be dismissed for cause, and that he could not be dismissed without notice and a hearing. Defendants' qualms about the legal distinctions between a *public official* and a *public employee* are now for a higher court given the specifics of the previous qualified immunity analysis conducted by the Third Circuit. See Montemuro, 99 F.4th at 642–44. Those issues cannot be revisited here. And no matter how defendants' frame

the issues, ignoring a precedential opinion would be "extraordinary" and an improper course to take in this case where the facts are unchanged. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984). "Recognition of the hierarchical nature of the federal judiciary requires no less." Id.

Consequently, defendants' motion for summary judgment will be denied as to Montemuro's Fourteenth Amendment procedural due process claim.

### c. Plaintiff's Declaratory Judgment Claim

Montemuro seeks a declaratory judgment in Count 4 of his complaint. That claim seeks a declaration that defendants violated School Board policy, Section 4-404 of the Pennsylvania School Code, and Article VI, Section 7 of the Pennsylvania Constitution in removing Montemuro as school board president. (Doc. 1-2, Compl. ¶ 54). Count 4 also seeks monetary and non-monetary damages, "including but not limited to automatic reinstatement… attorneys' fees and costs, pre and post-judgment interest and any relief this [court] deems appropriate." Id., *request for relief*. Defendants argue that, under the law, plaintiff is not entitled to a declaratory judgment in this case.[10]

---

[10] Defendants also argue that the court should not exercise jurisdiction over Montemuro's claim for declaratory relief. Since the Section 1983 claim for monetary damages will move forward to trial, the court will exercise jurisdiction over any request for declaratory judgment. See Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017).

16

The interlocutory appeal did not expressly reach the merits of defendants' arguments regarding Montemuro's declaratory judgment claim.  Nonetheless, in its qualified immunity analysis, the Third Circuit concluded that defendants violated the School Code and the Pennsylvania Constitution on the facts alleged.

The purpose of a declaratory judgment is for a court to declare the rights of an interested party. 28 U.S.C. § 2201.  As Montemuro himself notes, "the prayer for relief in the declaratory judgment claim requests relief that has essentially already been determined by the Third Circuit in favor of" the plaintiff. (Doc. 63, Pl. Br. in Opp. Def. MSJ at 14–15).  That is, indirectly, Montemuro already has a paper determination that defendants violated the Pennsylvania School Code and the Pennsylvania Constitution on the sum and substance of the allegations in his complaint. Montemuro, 99 F.4th at 642–44.  That determination is intertwined with plaintiff's Section 1983 claim for violation of his right to due process.  As indicated above, the relevant allegations of plaintiff's complaint have been replaced with undisputed facts.

At this juncture, practically speaking, this action is really one for money damages under Section 1983.  Plaintiff's request for reinstatement as President of the Jim Thorpe Area School Board is moot due to the passage of time.  (See Doc. 63, Pl. Br. in Opp. Def. MSJ at 20) ("He is no longer a member of the Jim Thorpe Area School Board by choice, so this [court] is, unfortunately, powerless

17

to put him back to the position he was in.").  To the extent that plaintiff seeks attorneys' fees, such fees are recoverable in an action under Section 1983. 42 U.S.C. § 1988(b).

Consequently, defendants' motion for summary judgment will be denied to the extent it seeks the outright dismissal of the declaratory judgment claim.  The court notes, however, that plaintiff's request for non-monetary relief is moot and his requests for monetary relief are available under Section 1983 and associated statutes.

### d. Monetary Relief

Defendants' motion for summary judgment also targets Montemuro's claims for monetary damages.  After deciding the issues above, only one damages argument remains for disposition.[11]  That is, defendants seek summary judgment on Montemuro's claim for punitive damages against the individual defendants under Section 1983.  As with the above rulings, this last issue also does not warrant summary judgment in defendants' favor.

A jury may award punitive damages in an action under Section 1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or when

---

[11] Defendants' brief in support of their motion for summary judgment argues that plaintiff has not adduced any evidence of damages.  As defendants admit, however, even if Montemuro is unable to prove actual damages, he may recover nominal damages. (Doc. 58, Def. Br. in Supp. MSJ at 21–22).

18

it involves reckless or callous indifference to federally protected rights of others. Smith v. Wade, 461 U.S. 30, 37 (1983). Punitive damages are designed to punish tortfeasors and to deter them and others from similar extreme conduct. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981) (citations omitted). Upon review of the summary judgment record in a light most favorable to the plaintiff, a reasonable jury could determine that the individual defendants acted with reckless or callous indifference to the federally protected rights of the plaintiff by removing him as Board President without notice and a hearing. The fact that the "continuing members" consulted with the Board solicitor prior to the removal is not dispositive. Nor is it a dispositive fact that Montemuro and other "new members" consulted with the Pennsylvania School Boards Association after the removal and its senior legal director gave them an opinion different than the determination by the Third Circuit. (See Doc. 56-11, Def. Ex. 11). The Board Solicitor and an association legal director overlooked clearly established law based on the ruling by the Third Circuit. Accordingly, a reasonable jury may conclude from the evidence that "continuing members" of the Board negotiated a coup after Montemuro was elected Board President and that personal or political animus trampled the plaintiff's right to notice and a hearing before his removal. Defendants' motion for summary judgment regarding punitive damages will thus be denied.

19

### 2. Plaintiff's Motion for Partial Summary Judgment as to Defendants' Liability

Turning to Montemuro's more focused motion, he seeks summary judgment as to the defendants' liability on his Section 1983 claim in Count 2 and his request for declaratory relief in Count 4, leaving the issue of damages to a jury. Considering the undisputed facts and analysis above, the disposition of plaintiff's motion is preordained. Plaintiff's motion for partial summary judgment will be granted and given the demand for a jury trial in this case, a pre-trial conference will be scheduled by way of separate order.

## Conclusion

For the reasons set forth above, plaintiff's motion for partial summary judgment will be granted and defendants' motion for summary judgment will be denied. An appropriate order follows.

Date: 5/21/26

JUDGE JULIA K. MUNLEY
United States District Court

20